IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH M. LEWIS,

      Plaintiff,                         No. CIV S-05-1582 GEB PAN P

      vs.

SOLANO COUNTY JAIL, et al.,

      Defendants.                FINDINGS & RECOMMENDATIONS

_____/

      Plaintiff is a pretrial detainee challenging the conditions of his confinement pursuant to 42 U.S.C. § 1983. On November 30, 2005, the court dismissed plaintiff's complaint for failure to state a claim and explained to plaintiff the requirements of an amended complaint. Plaintiff has filed an amended complaint.

      Having reviewed the amended complaint pursuant to 28 U.S.C. § 1915A, the court finds it fails to state a claim for relief.

      To state a claim under 42 U.S.C. § 1983, plaintiff must allege an identified defendant deprived plaintiff of a right secured to him by the Constitution or laws of the United States while acting under color of state law. West v. Atkins, 487 U.S. 42, 48-49 (1988). A local government is subject to liability for constitutional torts committed by its officials according to an official policy, practice, or custom. Monell v. N.Y. Dep't of Soc. Servs., 436 U.S. 658,

1

1  690-91 (1978).  Plaintiff must allege an individual with final policy making authority acted
2  pursuant to an official policy or custom.  Monell, 436 U.S. at 691, 694; City of St. Louis v.
3  Praprotnik, 485 U.S. 112 (1988) (plurality); Pembaur v. City of Cincinnati, 475 U.S. 469 (1986).
4        A pretrial detainee challenging the constitutionality of conditions or restrictions
5  implicating only the protection against deprivation of liberty without due process of law must
6  allege facts showing the conditions or restrictions amount to punishment.  Bell v. Wolfish, 441
7  U.S. 520, 534-35 (1979).  Conditions or restrictions that are reasonably related to a legitimate
8  governmental objective do not amount to punishment.  Bell, 441 U.S. at 539.  Security is a
9  legitimate governmental interest.  Id. at 540;  Jones v. Blanas, 393 F.3d 1918 (9th Cir. 2004).
10        Plaintiff claims that defendants violated the Due Process Clause of the Fourteenth
11  Amendment when, immediately following plaintiff's arrest for murder, attempted murder and
12  arson, they placed him, without a hearing, in the disciplinary isolation section even though he had
13  not violated jail rules.  Plaintiff alleges that despite requesting release to the general population
14  he continuously has been held in disciplinary isolation pursuant to an official policy or custom of
15  exhibiting deliberate indifference to detainee's rights.  When pressed for an explanation,
16  defendant Hambright stated plaintiff was there to ensure the safety of himself and others because
17  one of plaintiff's alleged victims was an employee of the Solano County Sheriff's Department.
18        Assuming plaintiff adequately has pled the existence of a policy or custom that
19  would make defendants liable under 42 U.S.C. § 1983, he concedes he was placed in disciplinary
20  isolation and held there for security reasons.
21        For these reasons, IT IS HEREBY RECOMMENDED that action be dismissed
22  for plaintiff's failure to state a claim.  See Lopez v. Smith, 203 F.3d 1122, 1128 (9th Cir. 2000)
23  (indigent prisoner proceeding without counsel must be given leave to file amended complaint
24  unless the court can rule out any possibility that the plaintiff could state a claim).
25        These findings and recommendations are submitted to the United States District
26  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

1  after being served with these findings and recommendations, plaintiff may file written objections.
2  The document should be captioned "Objections to Magistrate Judge's Findings and
3  Recommendations."  Plaintiff is advised that failure to file objections within the specified time
4  may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
5  Cir. 1991).
6  DATED: March 24, 2006.

                                                    UNITED STATES MAGISTRATE JUDGE

\004
\lewi1582.f&r